CHARLES F. RODERER et al.

*v.*

WILLIAM H. FOX et al.

[Decided May 4th, 1915.]

1. The legal disqualification of a trustee to buy at his own sale applies to a sale by a special master in a partition suit, comprising lands whereof the complainant was seized in his own right of the one-half interest, and as executor of the will of a deceased co-tenant of the remaining one-half interest, and he is charged with certain duties as trustee, cast upon him by the will in relation to that share, unless before the sale leave is granted to the complainant to become a bidder.

2. But such permission must be sought before the sale takes place, and ought not to be delayed until after the rights of the parties are fixed by the sale itself. The reason for this is, that when the sale has once taken place the mischief, if any mischief there is in the transaction, has been done; while if the permission is sought prior to the sale it can be given under such conditions as will fully protect all the parties in interest.

3. Accordingly, the petition presented by the complainant will be dismissed, being designed to supplement the sale held by the special master, and to obtain the confirmation of the sale upon the ground that the complainant has paid the full and fair value of the premises, and has been guilty of no fraud upon the rights of the beneficiaries under the will.

---

On petition for relief in a suit for partition of lands.

*Mr. Elmer King,* for the petitioner.

*Mr. Herbert J. Hannoch,* for the respondents.

HOWELL, V. C.

Mrs. Mary C. Fox died seized of an undivided one-half interest in lands in Dover. Her brother Charles F. Roderer was seized of the other undivided half. She left surviving her her husband, William H. Fox, and three infant children, who have not yet attained their majority. She left a will by which she appointed her brother Charles F. Roderer to be executor and directed him to collect the rents, issues and profits of the real estate owned by her at the time of her decease, and after deducting the amounts paid for taxes, insurance and repairs, to pay the same to her two aunts, Jennie Riley and Kate Riley, every three months during the terms of their natural lives, and after their death to her three children, share and share alike. This will was proved on June 4th, 1913, and letters testamentary were issued thereon to the said Charles F. Roderer. The two aunts of Mrs. Fox (Jennie Riley and Kate Riley) are still living. On June 5th, 1913, Charles F. Roderer brought suit in this court for partition of the lands which were thus owned jointly by him and Mrs. Fox at the time of her death. No defence was interposed, and in due course the premises were ordered sold under the direction of one of the special masters of this court. At the sale the same were purchased by the said Charles F. Roderer, and a deed was made to him by the special master; he thereupon became invested with the title to that portion of the lands in question which were owned by Mrs. Fox in her lifetime, to wit, the undivided one-half thereof, and he at once entered into possession of the whole premises and has had possession thereof from that time hitherto.

Subsequently, the surviving husband and the infant children of Mrs. Fox brought suit in this court to set aside the sale upon the ground that Charles F. Roderer, being the executor of the will of his sister, was disqualified from bidding on the property at the master's sale, and that he was so disqualified by reason of the duties which were cast upon him by the will of his sister in

relation to the lands in question. This cause has been brought to a hearing and was decided in favor of the complainants, but no decree has yet been entered. Thereupon Roderer filed a petition in the original partition suit alleging that he was the owner of a one-half interest in the said premises, and that he was and is desirous of obtaining title to the undivided half of which Mrs. Fox died seized, and that he was willing to give therefor the full and fair value thereof and as much as or more than any other person would give, and that at the special master's sale in the partition suit the property was struck off and sold to him for the sum of $5,800, which sale was afterwards confirmed by this court, and in pursuance of which a deed was delivered to him by the special master, and that he has been in possession of the premises from that time forward, and praying that the sale so made to him might be confirmed by an order *nunc pro tunc,* and that the matter of the full value of the land be inquired into by the court and that he might be entitled to a conveyance through a master of the undivided one-half interest in said premises upon his paying a full and fair price for the undivided one-half interest thereof.

It will be observed that this petition is designed to supplement the sale held by the special master in the partition suit, and by it the petitioner hopes to obtain a confirmation of the sale had in the partition suit upon the ground that the petitioner has paid the full and fair value of the premises and has been guilty of no fraud upon the rights of Mrs. Fox's surviving husband and devisees.

This requires an examination into the nature and character of the partition proceeding. It will be noticed that the complainant is the executor of the will of Mrs. Fox, and that by the terms of the will, he is entitled to the legal possession of her undivided half interest in the lands in question. In fact, he would not be able to carry out the provisions of the will unless such possession was accorded to him. To the extent to which he is by the will required to deal with the property he is a trustee, and being such trustee, he files his bill for the partition of the land which it is his duty to conserve and succeeds in purchasing the same at the master's sale. While it is not a case of a trustee purchasing

at his own sale, it is a case in which the trustee makes himself the *magister litis* and assumes control of the whole proceeding. The results which follow a purchase by a trustee at his own sale are clearly set forth in the case of *Smith* v. *Drake, 23 N. J. Eq. 302.*

It is true that this court will, in a proper case, permit a trustee to become a bidder at his own sale, and I have no doubt but that a similar permission would have been given to Mr. Roderer to become a bidder at the sale now under consideration, but such permission must be sought before the sale takes place and ought not to be delayed until after the rights of the parties are fixed by the sale itself. The reason for this is, that when the sale has once taken place the mischief, if any mischief there is in the transaction, has been done; while if the permission is sought prior to the sale it can be given under such conditions as will fully protect all the parties in interest.

If authority is needed for this proposition, it will be found in *Carson* v. *Marshall, 37 N. J. Eq. 213.* There executors having the power to rent and sell real estate, purchased land over which they were given this power at a sale held by the sheriff of the county, under executions which were in force, and under which levies had been taken, at the time of the testator's death; notwithstanding the fact that the trustees were not themselves the selling agents, their purchase was set aside.

The case of *Colgate* v. *Colgate, 23 N. J. Eq. 372,* was cited as authority for the propositions of law set forth in the petition. A careful reading of the case will demonstrate that it furnishes no support therefor, but that, on the contrary, the permission of the court was sought before any transfer of property was made.

I am therefore of the opinion that the motion must be denied and the petition dismissed, with costs.